**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER GROOMS and ALLISAH LOVE, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 09 C 3631<br>) |
| DAVID TENCZA, et al, | ) Wayne R. Andersen<br>) District Judge |
| Defendants. | )<br>) |

**MEMORANDUM, OPINION AND ORDER**

This case is before the court on defendants' motion to dismiss [18]. Plaintiffs Christopher Grooms and Allisah Love have filed an eleven-count amended complaint against defendants City of Chicago, Police Officers Tencza, Wantuck, Fisher, Powell and Houston, Sergeants Lee, Glenn and Sutter, and Captain McMahon, individually and in their official capacity as members of the Chicago Police Department, and United Road Services alleging claims for illegal search, false arrest, false imprisonment, malicious prosecution, public disclosure of private facts, conspiracy, retaliation, intentional infliction of emotional distress, and respondeat superior claims against the City of Chicago and United Road Services. For the reasons set forth below, the motion to dismiss is granted.

**BACKGROUND**

This lawsuit stems from the arrest of Christopher Grooms on October 23, 2007 and the arrest of his sister Allisah Love on November 20, 2007. Plaintiffs claim that Grooms was unlawfully stopped, searched, and detained without probable cause or reasonable suspicion. Plaintiffs allege that defendant Officer Tencza fabricated evidence by planting drugs in the back

of the vehicle in which Grooms had been riding. On November 13, 2007, the charges against Grooms were dismissed.

On November 20, 2007, plaintiffs allege that Love, Grooms and others, including Uylonda Henderson who was the owner of the car, went to United Road Services to retrieve the vehicle that had been impounded as a result of Grooms' arrest on October 23, 2007. While at the auto pound, a dispute arose and plaintiffs allege that Officer Powell, an off-duty Chicago police officer who was working for United Road Services as security personnel at the auto pound, called 911 and made a false report about Love. Plaintiffs allege that when officers arrived at the scene, Love was arrested. Plaintiffs allege that Love's arrest on November 20, 2007 was in retaliation for her complaint against Officer Powell that night, her prior complaint against the City of Chicago and her involvement in the federal case that was filed as a result of Grooms's October 23, 2007 arrest.

Plaintiffs further allege that on August 15, 2008 Grooms again was illegally searched, falsely arrested and imprisoned, without probable cause, for trespassing.

Based upon these allegations, plaintiffs have asserted several claims against the City of Chicago, several Chicago police officers, and United Road Services. Defendants have filed a motion to dismiss plaintiffs complaint in its entirety.

## STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. , 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir.1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct. at 1940 (citing *Twombly*, 550 U.S. at 555).

Also, to survive a motion to dismiss, the facts asserted in the complaint if accepted as true must "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. (citing *Twombly*, at 570). "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

## DISCUSSION

Defendants argue that plaintiffs' amended complaint should be dismissed in its entirety because the claims of Groom are completely separate and independent of the claims asserted by Love. Federal Rule of Civil Procedure 20(a)(1) provides that plaintiffs may join in one action "if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). Federal Rule 20(a)(2) provides that defendants may be joined together in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of

the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).

In order to determine whether claims should be combined into one proceeding, courts apply the test laid out in *United Mine Workers v. Gibbs,* which provides that claims for which there is no independent basis for jurisdiction must arise from the same "common nucleus of operative fact." 383 U.S. 715, 725 (1966). The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *See Ford v. Wright*, 2009 WL 855286 (S.D. Ill., Mar 27, 2009) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). In *George v. Smith*, the Seventh Circuit directed district courts to closely review complaints that assert multiple claims against multiple defendants for compliance with Federal Rules of Civil Procedure 18(a) and 20(a). The Seventh Circuit explained that "[m]ultiple claims against a single party are fine, Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* at 607.

In their amended complaint, plaintiffs do not plead that Love was with Grooms when he was arrested on October 23, 2007. The complaint alleges that Love's first involvement came when she attended a hearing regarding the impoundment of Ms. Henderson's car. Plaintiffs allege that Love then went with Ms. Henderson to retrieve her car from the pound on November 20, 2007. Plaintiffs claim that at the pound, a dispute ensued during which Love was arrested.

Based on the allegations in the amended complaint, there is no nexus between Groom's arrest on October 23, 2007 and Love's arrest on November 20, 2007. Love was not present when Grooms was arrested on October 23, 2007. Her claims stem from her arrest on November 20, 2007. Plaintiffs have failed to show how defendants's conduct is part of the same transaction

or series of transactions or that a question of fact is common to all defendants. Love's claims are asserted against different defendants and arise from a different set of facts.

The only effort made by plaintiffs to show that the two arrests and subsequent events involving all the named defendants are part of the same transaction or series of transactions or that a question of fact is common to all defendants is through the allegations of conspiracy set forth in Count VI. Specifically, plaintiffs allege that "[e]ach false arrest of both Plaintiff Christopher Grooms and Allisah Love are part of a 'hub and spoke' conspiracy of separate events that have all been generated from and/or passed through the City of Chicago OEMC, or 911 center; the place where both Plaintiff Allisah Love, and her father, retired police officer John Grooms were once employed." (Am. Cmplnt, ¶168). This allegation is not sufficient to substantiate allegations of conspiracy or to create a common nucleus of operatives facts so as to permit all of these claims to proceed in one lawsuit. Plaintiffs' allegation of conspiracy is a legal conclusion and is not entitled to the assumption of truth. *See Carter v. Dolan*, 2009 U.S. Dist. LEXIS 53735 (N.D. Ill. June 25, 2009) (citing *Iqbal*, 29 S.Ct. at 1949-50). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S.Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). Nor is it sufficient for a complaint to simply tender "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557).

Here, plaintiffs have not offered any facts demonstrating the plausibility of a conspiracy by Chicago police officers against Christopher Grooms and/or Allisah Love. The claims alleged in the amended complaint do not arise out of the same nucleus of fact. Therefore, Love is not permitted to join her claims with Grooms claims. Additionally, Grooms is not permitted to join

5

any claims arising out of Love's November 20, 2007 arrest or for his subsequent arrest on August 15, 2008. These are distinct claims arising out of separate sets of facts that must be filed as separate lawsuits.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [18] is granted. The claims asserted by Love are dismissed because they are unrelated to the claims asserted by Grooms. If Love wants to pursue her claims, she must file a separate lawsuit. Based on the allegations in the amended complaint, the claims asserted by Grooms against defendants Powell, Fisher Houston, Glenn, Sutter and McMahon are dismissed because Grooms does not plead that any of these defendants officers were involved in his October 23, 2007 arrest. The claims asserted by Grooms arising from his subsequent arrest on August 15, 2008 also are dismissed. Grooms is given leave to file a second amended complaint in compliance with this Memorandum, Opinion and Order on or before May 14, 2010. This matter is set for status on May 20, 2010 at 9:00 a.m.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: April 13, 2010