THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLISAH LOVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09 C 3631 |
| | ) |
| CITY OF CHICAGO, a municipal corporation, et al., | ) Judge Edmond E. Chang |
| | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS THE CITY OF CHICAGO, IRIS HOUSTON, APRIL FISHER AND GLENN DAVIS'S MOTION UNDER RULE 50(A)(2)

Defendants, the City of Chicago, Iris Houston, April Fisher, and Glenn Davis (collectively, the "City Defendants"), by their undersigned attorneys, pursuant to Federal Rule of Civil Procedure 50(a)(2), hereby move for judgment as a matter of law in favor of the City Defendants and against Plaintiff[1]. In support thereof, the City Defendants state:

### INTRODUCTION

The City Defendants are entitled to a judgment as a matter of law on Plaintiff's claims pending before the jury. In accordance with Federal Rule of Civil Procedure 50(a)(2), no reasonable jury would have a legally sufficient evidentiary basis to find in favor of Plaintiff given the lack of evidence presented in Plaintiff's case in chief. In particular, the evidence proved the Defendant Officers had probable cause to arrest Plaintiff for trespass. The evidence also shows the Defendant Officers did not conspire or have an agreement to arrest Plaintiff. Plaintiff also failed to present sufficient evidence to prove her indemnification claim against the

---

[1] Counsel for the City Defendants has spoken with Defendant Powell, who has advised he is joining in said Motion.

City for Defendant Powell's conduct. Therefore, the City Defendants are entitled to a judgment as a matter of law in their favor on all of the remaining counts against them.

## STANDARD

A judgment may be entered as a matter of law if during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on an issue. Fed. R. Civ. P. 50(a). The evidence must be viewed in the light most favorable to the non-moving party and the Court must determine whether the evidence is sufficient to sustain a verdict in favor of the non-moving party. *Hammond Group, Ltd. v. Spalding & Evenflo Companies, Inc.*, 69 F.3d 845, 848 (7th Cir. 1995).

## ARGUMENT

**I. Defendants are Entitled to a Judgment as a Matter of Law on Plaintiff's Fourth Amendment False Arrest and False Imprisonment Claims (Count I and Count II).**

Officers Fisher, Houston and Davis reasonably assessed that there was probable cause to arrest Plaintiff based upon the complaint and report of Defendant Powell and what they observed at the Auto Pound. The events that occurred before the Officers' arrival at the Auto Pound (other than the radio dispatches they heard) are not material to the issue of whether they had probable cause to arrest Plaintiff. *See Gray v. Burke*, 466 F. Supp. 2d 991, 996 (N.D. Ill. 2006). And it is well established that the existence of probable cause for an arrest is an absolute bar to any § 1983 claim for wrongful arrest or false imprisonment. *See Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006), *quoting Potts v. City of Layfayette*, 121 F.3d 1106, 1113 (7th Cir. 1997).

Police officers have probable cause to arrest an individual when "the facts and circumstances within their knowledge and of which they have reasonably trustworthy

2

information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." *Gray*, 466 F. Supp. at 996. This "reasonably trustworthy information" can come from a single person, whom it seems reasonable to believe is telling the truth. *Mustafa*, 442 F.3d at 548. The existence of probable cause is determined "not on the facts as an omniscient observer would perceive them, but rather as they would have appeared to a reasonable person in the position of the arresting officer." *Mustafa*, 442 F.3d at 547, *quoting Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 2000). While probable cause requires more than bare suspicion, it need not be based on evidence sufficient to support a conviction, or even a showing that the officer's belief is more likely true than false. *Gray*, 466 F. Supp. 2d at 996; *see also Hughes*, 880 F.2d at 969-70, *Brinegar v. U.S.*, 338 U.S. 160, 175-76 (1949). Because of the ambiguity of situations with which the police are confronted, probable cause is not a precise point, but rather a zone that permits reasonable mistakes. *Id.*

Also, criminal suspects frequently protest their innocence, as Plaintiff claims to have done here, and a suspect's denial of guilt generally is insufficient to trigger a duty to investigate in the face of a reasonably believable witness and readily observable events. *See Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 744 (7th Cir. 2003). With sufficiently trustworthy information, an officer is entitled to rely on what she knows in pursuing charges or an arrest, and she is under no further duty to investigate. *Id.*; *Gramenos v. Jewel Cos., Inc.*, 797 F.2d 432, 737-42 (7th Cir. 1986).

The evidence has established Officers Fisher, Houston and Davis had probable cause to arrest Plaintiff based on the complaint and description of events by Defendant Powell. Powell testified he told Officers Fisher and Houston that Plaintiff had caused a disturbance,

3

he had asked her to leave the premises, and she refused to do so. (Transcript, 10/15/18, pm session, 78: 19- 79:2). That testimony alone is sufficient information to establish probable cause for trespass to land. Defendant Powell, as an agent for the pound, told the officers he wanted Plaintiff to leave, asked her to do so, and she refused.

Moreover, during the defense case, Officers Fisher, Officer Houston and Sergeant Davis testified they had probable cause to arrest Plaintiff. They were told the agent of the pound, Defendant Powell, asked Ms. Love to leave and she refused to do so. (*See* Transcript, 10/16/18 pm session, 103:16- 104:13; Transcript, 10/16/18, pm session, 81:8-24; Transcript, 10/17/18, am session, 23: 3- 24:2).

The Defendant Officers had probable cause to arrest Plaintiff for trespassing. There is no legally sufficient evidentiary basis to conclude the Defendants lacked probable cause. Therefore, the City Defendants' motion for judgment in their favor should be granted on Counts I and II.

**II.     Plaintiff Failed to Establish the Elements of Malicious Prosecution (Count IV).**

In order to prevail in an action for malicious prosecution under Illinois law, a plaintiff must establish the following five elements: (1) defendant commenced or continued either a criminal or a civil action against plaintiff; (2) that action terminated in favor of the plaintiff; (3) defendant lacked probable cause for such a proceeding; (4) the presence of malice; and (5) damages. *Joiner v. Benton Community Bank*, 411 N.E.2d 229, 232 (Ill. 1980).[2] "If one element is missing, the plaintiff is barred from pursuing the claim." *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). Plaintiff has failed to prove all of these elements here. As such, a a

---

[2] Although Plaintiff's claim in Count IV is pled as a malicious prosecution claim under Section 1983, per the Court's order on the City Defendants' motion to dismiss (Dkt. 348, at 21-22), it is to be construed as a claim under state law.

4

motion in favor of the City Defendants on Plaintiff's malicious prosecution claim should be granted.

As set forth above, Plaintiff did not present a legally sufficient evidentiary basis to conclude the Defendants lacked probable cause. Probable cause to institute criminal proceedings is an absolute bar in an action for malicious prosecution. *Turner v. City of Chicago*, 415 N.E.2d 481, 485 (Ill. App. 1980). Moreover, the existence of probable cause precludes the conclusion that the Defendant Officers' conduct was "willful and wanton," as would be necessary to deprive the Defendant Officers of immunity under the Illinois Tort Immunity Act. *See Guidry v. Boyd,* 2007 WL 2317174 at * 12 (N.D. Ill. 2007) (*citing Ross v. Mauro*, 369 Ill. App. 3d 794, 892 (Ill. App. Ct. 2006)). Based on the foregoing, the City Defendants' Motion under Rule 50(a)(2) should be granted on Count IV.

### III. Plaintiff has Failed to Provide any Evidence of a Conspiracy under Section 1983 (Count VII).

"[C]onspiracy is not an independent basis of liability in § 1983 actions." *See Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). In the Seventh Circuit, if a plaintiff fails to establish an underlying constitutional violation, any corresponding conspiracy claim necessarily fails. *See Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). Plaintiff's failure to prove an underlying constitutional violation by any of the Defendant Officers dooms her dependent Section 1983 conspiracy claim. For this reason alone, the City Defendants are entitled to a motion for judgment as a matter of law on Count VII.

To prevail on her Section 1983 conspiracy claim, Plaintiff also needed to prove that a subject defendant entered into an express or implied agreement with the other defendants to deprive plaintiff of her constitutional rights and that there was an actual deprivation of those rights in the form of overt acts in furtherance of the agreement. *Lyons v. Adams*, 257 F.Supp.2d

5

1125, 1134 (N.D. Ill. 2003), *citing Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Plaintiff's claim of conspiracy must be supported by "more than a whiff of the alleged conspirators' assent" to the alleged agreement to violate plaintiff's constitutional rights. *U.S. ex rel. Durcholz v. FKW Inc.*, 189 F.3d 542, 546 (7th Cir. 1999) (internal quotation omitted).

Here, Plaintiff failed to present any evidence establishing how Officers Fisher, Houston, and Davis, along with Defendant Powell, formed a conspiracy against her. In fact, the evidence in Plaintiff's case in chief actually disproves that there was any conspiracy among the defendants. Defendant Powell testified he did not know Officer Houston, Officer Fisher or Sergeant Davis. (Transcript, 10/15/18, pm session, 70: 8-16). He also testified that he did not have any agreement with the officers to arrest Plaintiff. (Transcript, 10/15/18, pm session, 81: 13-15). He further testified he never told the officers to arrest her. (Transcript, 10/15/18, pm session, 81: 16-17).

Moreover, Officer Fisher, Officer Houston and Sergeant Davis all testified they did not know Defendant Powell. (*See*, Transcript 10/16/18, pm session, 94:21- 95:1; Transcript 10/16/18 pm session, 38:1-11; Transcript 10/17/18 am session, 43:9-15). Additionally, each testified there was no agreement to arrest Plaintiff based on Defendant Powell's request to do so. (*See,* Transcript 10/16/18, pm session, 107:14-18; Transcript 10/16/16 pm session, 57:11-14; Transcript 10/17/18 session, 25:25- 26:3). For these additional reasons, the City Defendants' Motion under Rule 50(a)(2) should be granted on Count VII.

**IV.**     **Plaintiff Failed to Meet Her Burden in Establishing Defendant Powell was working within the scope of his employment and/or under color of law. (Count XIV)**

Plaintiff has alleged Defendant Powell was acting under color and within the scope of his employment with the Chicago Police Department in an effort to obtain indemnification from the City for any damages assessed against Defendant Powell. To prevail, Plaintiff must establish she

6

was deprived of a federal right by Defendant Powell while he was acting under color of state law. *West v. Adkins*, 487 U.S. 42, 49-50 (1988); *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002). The element of "under color of state law" would be met if Defendant Powell acted in an official capacity as a police officer or exercised responsibilities pursuant to state law. *West*, 487 U.S. at 50. Powell's employment as a police officer is not conclusive; the proper "inquiry is whether the police officer's actions related in some way to the performance of a police duty." *Gibson v. City of Chicago*, 910 F.2d 1510, 1517 (7th Cir. 1990).

Plaintiff failed to present evidence establishing Defendant Powell was acting under color of state law at the time of his encounter with Plaintiff. Defendant Powell testified he was off-duty working a second job as a security guard at the time of this incident on November 20, 2007. The evidence is that Defendant Powell was employed by and working as an agent for ENR Towing at the time he interacted with Plaintiff. (Transcript, 10/15/18, pm session, 69: 9-11). ENR Towing paid him on November 20, 2007, for his time. (Transcript, 10/15/18, pm session, 69: 18-20). He was conducting the business of ENR Towing and not CPD. He was not wearing a Chicago Police Department uniform. At the time of the incident, Defendant Powell did not exercise any police powers or police authority. When the incident occurred, Defendant Powell called the police; he did not detain or arrest Plaintiff. (Transcript, 10/15/18, pm session, 69: 21- 70:1). Plaintiff presented no evidence to prove Defendant Powell acted in an official capacity as a police officer or exercised any police responsibilities authorized by the CPD or state law. To the contrary, the evidence proved that Defendant Powell was not acting under color of law as a police officer for CPD at the time of his encounter with Plaintiff.

Plaintiff similarly failed to prove *respondeat superior* as a basis for indemnification from the City. Illinois law provides that, "under a traditional *respondeat superior* analysis, an

employer can be liable for the torts of his employee, however, only for those torts that are committed within the scope of that employment." *Wright v. City of Danville*, 675 N.E.2d 110, 117 (Ill. 1996). As explained by the Illinois Supreme Court in *Bagent v. Blessing Care Corp.*, 862 N.E.2d 985, 992 (Ill. 2007), quoting Restatement (Second) of Agency § 228 (1958):

> The Second Restatement of Agency has identified three general criteria in determining whether an employee's acts are within the scope of employment.
>
> "(1) Conduct of servant is within the scope of employment if, but only if:
>
> (a) it is of the kind he is employed to perform;
> (b) it occurs substantially within the authorized time and space limits;
> (c) it is actuated, at least in part, by a purpose to serve the master * * * [.]
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master."

The trial evidence established Defendant Powell's actions during the encounter with Plaintiff were not within the scope of his employment as a CPD police officer. He was acting as a paid security guard on behalf of his employer, ENR Towing, when he asked Plaintiff to leave the premises and when he called police. He did not exercise police powers to effect Plaintiff's arrest. His actions were not related to the performance of police duties. Rather, his conduct was actuated solely by a purpose to serve the interests of ENR Towing, and not the CPD. At the time of his encounter with Plaintiff on November 2007, Defendant Powell was acting within the scope of his employment as an ENR Towing security guard. He was not acting within the scope of his employment as a CPD police officer. Plaintiff failed to present sufficient evidence to establish a *respondeat superior* claim against the City.

Plaintiff failed to meet her evidentiary burden of proving Defendant Powell was acting "under color of state law" or within the scope of his employment as a CPD police

8

officer at the time of his interactions with Plaintiff. Accordingly, a motion for judgment as a matter of law should be entered in favor of the City on Plaintiff's indemnification claim.

## CONCLUSION

Plaintiff has failed to provide a legally sufficient evidentiary basis at trial so that a reasonable jury could find in favor of Plaintiff on the following claims: (1) false arrest and false imprisonment; (2) malicious prosecution; (3) conspiracy and (4) indemnification against the City for Defendant Powell. Therefore, this Court should grant City Defendants' motion for judgment as a matter of law in favor of the City Defendants and against Plaintiff on all counts.

WHEREFORE, Defendants, the City of Chicago, Iris Houston, April Fisher, and Glenn Davis, respectfully request this Honorable Court grant their motion for judgment as a matter of law under Rule 50(a)(2) on each of Plaintiff's claims against them and for any other relief this Court deems appropriate.

Dated: October 17, 2018

Respectfully submitted,

By: s/ Katherine C. Morrison
One of the Attorneys for Defendants, City of Chicago, April Fisher, Iris Houston and Glenn Davis

Terrence M. Burns
Katherine C. Morrison
Reiter Burns LLP
311 South Wacker Drive, Suite 5200
Chicago, IL 60606
(312) 982-0090 (telephone)
(312) 429-0644 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2018, I electronically filed the foregoing **Defendants the City of Chicago, Iris Houston, April Fisher, and Glenn Davis's Motion under Rule 50(a)(2)** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day and was served upon all counsel of record via the Court's CM/ECF system.

By: s/ Katherine C. Morrison